United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20294
Summary Calendar

_____

GORDON RAY SIMMONDS,

Plaintiff-Appellant,

versus

JANIE COCKRELL,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-4453
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Gordon Ray Simmonds, Texas prisoner # 932489, appeals the

district court's denial of his request for a preliminary

injunction and the dismissal of his 42 U.S.C. § 1983 action for

failure to state a claim upon which relief may be granted

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). He argues that the

district court erred in dismissing his complaint, in which he

sought a preliminary injunction, instead of ruling initially on

the preliminary injunction. The district court determined that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Simmonds had not shown the likelihood of success on the merits on any of his claims.  See Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991).  Once the district court determined that Simmonds's allegations failed to state a claim, the district court was required by 28 U.S.C. §§ 1915 and 1915A to dismiss the civil action.

Simmonds argues that the regulation violates his due process rights because he does not have sufficient storage space for all of his property and his property which is not properly stored will be subject to confiscation.  Simmonds has not shown that he has a right protected by the Due Process Clause to possess a certain amount of property or to store his personal property in a particular manner.

Simmonds argues that the regulation violates his right of access to the courts because it limits the amount of legal materials he can possess in his cell and restricts his ability to act as a writ writer for other inmates.  Simmonds has no constitutional right to provide legal assistance to other inmates.  See Shaw v. Murphy, 532 U.S. 223, 228 (2001).  Simmonds has not alleged or shown that his position as a litigant in a specific case was prejudiced in any way by the enforcement of the new regulation.  See Lewis v. Casey, 518 U.S. 343, 351-54 (1996).

Simmonds argues that the new regulation violates his right to free exercise of religion in that it restricts the amount of religious materials that he may possess and store in his cell.

Simmonds acknowledged in his complaint that the new regulation was adopted to prevent fire and other safety hazards. The district court did not err in determining that the regulation was reasonably related to a legitimate penological goal of preventing fire and other safety hazards. See Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995).

Simmonds argues that the regulation violates his equal protection rights because female prisoners are allowed extra storage space for personal hygiene items. Because Simmonds has not shown that male and female prisoners in the Texas prisons are similarly situated, the district court did not err in dismissing his equal protection claim. See Oliver v. Scott, 276 F.3d 736, 746-47 (5th Cir. 2002).

Simmonds argues that prison officials violated the regulation itself because his storage unit is smaller than allowed by the regulation. A violation of a prison regulation without more does not state a constitutional violation. See Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986).

Accordingly, this Court AFFIRMS the district court's judgment and DENIES Simmonds's motion to strike the Attorney General of Texas's brief.